# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF FLORIDA

CASE No. 22-CV-81061-CANNON/REINHART

ARLENE MARIE JOHNSON,

        Plaintiff,

v.

KILOLO KIJAKAZI,
Acting Commissioner of Social Security,

        Defendant.

_____/

## REPORT AND RECOMMENDATION ON PLAINTIFF'S UNOPPOSED PETITION FOR ATTORNEY FEES AND UNOPPOSED AMENDED PETITION FOR ATTORNEY FEES (ECF NOS. 27, 30)

Ms. Johnson moves for an award of attorneys' fees and costs pursuant to the Equal Access to Justice Act (EAJA). ECF Nos. 27, 30. Ms. Johnson's initial motion was filed on August 15, 2023 ("Initial Motion"). ECF No. 27. On September 25, 2023, Ms. Johnson filed an amended motion to address certain matters raised by the undersigned ("Amended Motion"). ECF No. 30. I have reviewed the motions and their attachments. The motions state that the Commissioner does not oppose the relief requested. ECF Nos. 27 at 2, 30 at 3. Neither party argues that the Amended Motion affects the timeliness of Ms. Johnson's request for fees and costs. For ease of reference, this Report and Recommendation analyzes the Amended Motion unless otherwise stated. For the reasons stated below, I recommend that the Initial Motion be DENIED as moot and that the Amended Motion be GRANTED.

On May 17, 2023, the Court granted the Commissioner's Unopposed Motion for Entry of Judgment with Reversal and Remand of the Cause to the Defendant. ECF No. 25. On May 18, 2023, the Court entered judgment in favor of Ms. Johnson and against the Commissioner and remanded the decision of the Commissioner. ECF No. 26. Thereafter, Ms. Johnson filed the pending Initial Motion and Amended Motion seeking $7,676.95 in attorneys' fees and $402.00 in costs. ECF Nos. 27, 30. Ms. Johnson contends that she is entitled to recover her attorneys' fees and costs pursuant to the EAJA because she is the prevailing party in this action, her net worth did not exceed $2,000,000 at the time the proceeding was filed, and the position of the United States in this action was not substantially justified. ECF No. 30 at 1.

I.   **ENTITLEMENT TO FEES**

"The Equal Access to Justice Act (EAJA) authorizes a district court to award an attorney's fee to an individual who prevails in a suit in which the Government is the opposing party and in which the Government's litigating position was not 'substantially justified.'" *Taylor v. Heckler*, 778 F.2d 674, 675 (11th Cir. 1985). The EAJA provides, in relevant part:

> Except as otherwise specifically provided by statute, a court shall award to a prevailing party other than the United States fees and other expenses, in addition to any costs awarded pursuant to subsection (a), incurred by that party in any civil action (other than cases sounding in tort), including proceedings for judicial review of agency action, brought by or against the United States in any court having jurisdiction of that action, unless the court finds that the position of the United States was substantially justified or that special circumstances make an award unjust.

28 U.S.C. § 2412(d)(1)(A).

The Eleventh Circuit has held that three "critical prerequisites" must be satisfied before a claimant may be awarded attorneys' fees pursuant to the EAJA: (1) the claimant must be a prevailing party, (2) the claimant must file an application for fees "within thirty days of final judgment in the action," and (3) the district court must find that "the position of the government was not 'substantially justified' and that no 'special circumstances' make an award of fees unjust." *Taylor*, 778 F.2d at 676 (citing 28 U.S.C. § 2412(d)(1)(A), (B)(1982)). In addition to these critical prerequisites, the claimant's net worth must not have exceeded $2,000,000 at the time the action was filed. 28 U.S.C. § 2412(d)(2)(B).

The Commissioner does not dispute Ms. Johnson's prevailing party status. Ms. Johnson successfully challenged the decision of the Commissioner and received a reversal and remand of the Commissioner's decision pursuant to sentence four of 42 U.S.C. § 405(g). ECF Nos. 25, 26. Accordingly, Ms. Johnson is a prevailing party for purposes of the EAJA. *See Shalala v. Schaefer*, 509 U.S. 292, 301-302 (1993) (holding that "[o]btaining a sentence-four judgment reversing the Secretary's denial of benefits" meets the description of a prevailing party).

As to the second requirement, Ms. Johnson timely filed her request for attorneys' fees. The 30-day deadline for filing an application for attorneys' fees under the EAJA begins after the time for an appeal of the judgment has ended. *See Shalala*, 509 U.S. at 302 ("An EAJA application may be filed until 30 days after a judgment becomes 'not appealable'—i.e., 30 days after the time for appeal has ended."). Here, the 30-day deadline began 60 days after judgment was entered in favor of

Ms. Johnson. *See* Fed. R. App. P. 4(a)(1)(B) (establishing that the United States, its agencies, and its officers sued in their official capacity are afforded 60 days to file a notice of appeal after entry of judgment). In other words, Ms. Johnson was required to file her request for attorneys' fees pursuant to the EAJA on or before August 16, 2023. As Ms. Johnson's Initial Motion was filed before that date, her request for attorneys' fees is timely.

Next, as required by the EAJA, the Amended Motion alleges that the position of the United States was not substantially justified. ECF No. 30 at 1; 28 U.S.C. § 2412(d)(1)(B). "The government bears the burden of showing that its position was substantially justified." *See Stratton v. Bowen*, 827 F.2d 1447, 1450 (11th Cir. 1987). As the Amended Motion is unopposed, the Commissioner does not argue that the position of the government was substantially justified or that special circumstances make an award of fees unjust. Apart from the Government's concession, the record also does not support a finding in the Government's favor. Accordingly, I find that the position of the Commissioner was not substantially justified and that there are no special circumstances that would make an award of fees unjust.

Finally, the Amended Motion states that Ms. Johnson's net worth at the time the proceeding was filed was less than $2,000,000. ECF No. 30 at 1. Accordingly, for the foregoing reasons, Ms. Johnson is entitled to recover her attorneys' fees pursuant to the EAJA. The Court next considers the reasonableness of the attorneys' fees Ms. Johnson seeks to recover.

## II.     REASONABLE FEE

As for the amount of fees Ms. Johnson may recover, the EAJA requires that fees be reasonable and "based upon prevailing market rates for the kind and quality of the services furnished, except that. . . (ii) attorney fees shall not be awarded in excess of $125 per hour unless the court determines that an increase in the cost of living or a special factor, such as the limited availability of qualified attorneys for the proceedings involved, justifies a higher fee." 28 U.S.C. § 2412(d)(2)(A). First, the Court must determine the market rate for "similar services [provided] by lawyers of reasonably comparable skills, experience, and reputation." *Meyer v. Sullivan*, 958 F.2d 1029, 1033 (11th Cir. 1992) (citing *Norman v. Housing Authority of Montgomery*, 836 F.2d 1292, 1299 (11th Cir. 1998)). Then, if the market rate is greater than $125 per hour, the Court must determine whether it should "adjust the hourly fee upward from [$125] to take into account an increase in the cost of living, or a special factor." *Meyer*, 958 F.2d at 1033-34.

The fee applicant is required to supply the court with "specific and detailed evidence" to enable the court to determine the reasonable hourly rate. *Norman*, 836 F.2d at 1303. In determining the reasonableness of the rates sought, courts consider prior hourly rates awarded to other attorneys of similar experience in the community and also the court's own knowledge of the rates charged by local practitioners. *See McDonald ex rel Prendergast v. Pension Plan of the NYSA-ILA Pension Tr. Fund*, 450 F.3d 91, 96–97 (2d Cir. 2006) ("A district court may also use its knowledge of the relevant market when determining the reasonable hourly rate."); *see also Norman*,

836 F.2d at 1303 (quoting *Campbell v. Green*, 112 F.2d 143,144 (5th Cir. 1940)) ("The court . . . is itself an expert on the question [of fees] and may consider its own knowledge and experience concerning reasonable and proper fees . . . ."). Next, a fee applicant must document the appropriate hours expended to demonstrate reasonableness. *Norman*, 836 F.2d at 1303.

Here, Ms. Johnson's counsel, Attorneys Sarah H. Bohr and Heather Freeman, seek compensation at hourly rates of $234.95 for work performed in 2022 and $242.78 for work performed in 2023. ECF No. 30 at 2. Counsel asserts that the requested rates are reasonable because they account for 87.96% and 94.23% cost-of-living increases, for 2022 and 2023, respectively, since the statutory hourly rate was set in March of 1996. *Id*. at n.1. The Commissioner does not dispute the reasonableness of the hourly rates requested. Based on my own experience and knowledge of the market rates and cost-of-living in West Palm Beach, I find these adjusted hourly rates to be reasonable.

Ms. Johnson seeks to recover 10.75 hours of Ms. Bohr's billable time and 21.10 hours of Ms. Freeman's billable time. *Id*. at 2. In support of her request, Ms. Johnson's counsel submitted detailed billing records. ECF Nos. 30-2, 30-3. The Commissioner does not challenge the reasonableness of the hours requested. Upon review of counsel's billing records, I find that the hours spent by Ms. Johnson's counsel are reasonable. Based on the foregoing, I recommend that the District Court award Ms. Johnson a total of $7,676.95 in attorneys' fees.

### III.   COSTS

Ms. Johnson is also seeking reimbursement of $402.00 in costs for the filing fee paid in this case. ECF No. 30 at 1. The EAJA permits an award of costs. 28 U.S.C. § 2412(a)(1), (d)(1)(A); *see Ochoa v. Comm'r of Soc. Sec.*, No. 19-80802-CIV, 2020 WL 4208042, at *3 (S.D. Fla. July 22, 2020) (J. Matthewman). Further, the parties agree that Ms. Johnson is entitled to recover this cost. Accordingly, I recommend that the District Court award Ms. Johnson $402.00 in costs.

### RECOMMENDATION

I **RECOMMEND** that Ms. Johnson's Initial Motion (ECF No. 27) be **DENIED AS MOOT**, that her Amended Motion (ECF No. 30) be **GRANTED**, and that Ms. Johnson be awarded a total of $7,676.95 in attorneys' fees and $402.00 in costs pursuant to the Equal Access to Justice Act (EAJA), 28 U.S.C. § 2412(d).

## **NOTICE OF RIGHT TO OBJECT**

A party shall serve and file written objections, if any, to this Report and Recommendation with the Honorable Aileen M. Cannon, United States District Court Judge for the Southern District of Florida, within **FOURTEEN (14) DAYS** of being served with a copy of this Report and Recommendation. Failure to timely file objections shall constitute a waiver of a party's "right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions." 11th Cir. R. 3-1 (2016).

**IF A PARTY DOES NOT INTEND TO OBJECT TO THIS REPORT AND RECOMMENDATION, THEY SHALL FILE A NOTICE TO THAT EFFECT WITHIN FIVE (5) DAYS.**

**DONE AND SUBMITTED** in Chambers this 27th day of September, 2023, at West Palm Beach in the Southern District of Florida.

_____
BRUCE E. REINHART
UNITED STATES MAGISTRATE JUDGE