UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 22-CV-81061-AMC

ARLENE MARIE JOHNSON,

Plaintiff,

vs.

COMMISSIONER OF SOCIAL SECURITY,

Defendant.

_____/

**REPORT AND RECOMMENDATION ON MOTION FOR ATTORNEY FEES**
**[ECF No. 33]**

On April 22, 2026, Plaintiff Arlene Marie Johnson's[1] attorney, Sarah Bohr, filed Petitioner's Petition for Attorney Fees ("Motion") for $23,585.25. *See* ECF No. 33. Judge Cannon referred this Motion to me for "appropriate disposition and/or a report and recommendation as permitted by law." ECF Nos. 34. I have reviewed the Motion (ECF No. 33). The Commissioner has not responded. The matter is now ripe for decision. For the reasons stated below, the Motion should be **DENIED without prejudice**. Ms. Bohr should be given an opportunity to amend her Motion.

---

[1] According to the Motion, Plaintiff divorced since the case was filed and is now known by Arlene Marie Vazquez. ECF No. 33 at 1 n.1. Accordingly, she will be referred to as Ms. Vazquez throughout the Report and Recommendation.

## I.     BACKGROUND

On July 20, 2022, Ms. Vazquez filed a Complaint against the acting Commissioner of Social Security (the "Commissioner"). ECF No. 1. Subsequently, Ms. Vazquez filed for Leave to Proceed *in forma pauperis*, which was denied, and Ms. Vazquez paid the filing fee. ECF Nos. 3, 5, 7. On October 31, 2022, the Social Security transcript was filed. ECF No. 14. On March 1, 2023, Ms. Vazquez filed a Motion for Summary Judgment. ECF No. 20. The Commissioner did not file a Response, but filed a Motion to Remand instead. ECF No. 23. I filed a Report and Recommendation on the Commissioner's Motion to Remand recommending that the case be remanded. ECF No. 24. The Report and Recommendation was accepted shortly thereafter. ECF Nos. 25. Final Judgment was entered on May 18, 2023, in favor of Ms. Vazquez. ECF No. 26.

Then, Ms. Vazquez filed an Unopposed Motion for Attorney Fees and Costs ("EAJA Motion") pursuant to the Equal Access to Justice Act. ECF No. 27. The EAJA Motion was referred to me and, after I took the EAJA Motion under advisement, she filed an Amended EAJA Motion on September 25, 2023. ECF Nos. 28, 29, 30. I recommended that the Amended EAJA Motion be granted; Judge Cannon adopted my Report and Recommendation on the Amended EAJA Motion. ECF Nos. 31, 32.

On March 22, 2026, Ms. Vazquez received a Notice from the Social Security Administration that she is entitled to monthly disability benefits and $23,585.25 is being withheld as 25 percent of her past-due benefits. ECF No. 33-2. Accordingly, Ms. Bohr filed the Motion requesting fees based on 42 U.S.C. § 406(b) and a contingency agreement with Ms. Vazquez. ECF No. 33.

## II.    LEGAL BACKGROUND

### A.  Burden

"The attorney seeking a fee has the burden to prove that the fee request is reasonable." *Hardeman v. Comm'r of Soc. Sec.,* No. 20-24624, 2024 WL 1809282, at *2 (S.D. Fla. Mar. 28, 2024), *report and recommendation adopted*, 2024 WL 1797047 (S.D. Fla. Apr. 25, 2024). Then, "courts must look to the agreement made by the parties and independently review whether the resulting fee is reasonable under the circumstances." *Id.* (quoting *Keller v. Comm'r of Soc. Sec.*, 759 F.3d 1282, 1284 (11th Cir. 2014)).

### B.  The Social Security Act

The Social Security Act allows for recovery of attorney fees from a favorable judgment. *Highfield v. Comm'r of Soc. Sec.*, No. 19-cv-23803, 2022 WL 4449390, at *1-2 (S.D. Fla. Sep. 8, 2022), *report and recommendation adopted*, 2022 WL 4448250 (S.D. Fla. Sep. 23, 2022). When a claimant receives a favorable judgment

> the court may determine and allow as part of its judgment a *reasonable* fee for such representation, not in excess of 25 percent of the total of the past-due benefits to which the claimant is entitled by reason of such judgment, and the Commissioner of Social Security may, . . . the amount of such fee for payment to such attorney out of, and not in addition to, the amount of such past-due benefits. In case of any such judgment, no other fee may be payable or certified for payment for such representation except as provided in this paragraph.

42 U.S.C. § 406(b)(1) (emphasis added). The Social Security Act "calls for court review of [contingency fee] arrangements as an independent check, to assure that they yield *reasonable* results in particular cases." *Gisbrecht v. Barnhard*, 535 U.S. 789, 802

3

(2002) (emphasis added). As part of its analysis, the court must determine whether the fees are considered a "windfall" and, if found, accordingly adjust the requested fee. *See id.* at 808.

C. *Local Rule 7.3*

Local Rule 7.3 for the Southern District of Florida is for Attorney's Fees and Costs. S. D. Fla. Loc. R. 7.3(a). It requires a motion to "disclose the terms of any applicable fee agreement" and "provide (A) the identity, experience, and qualifications for each timekeeper for whom fees are sought; (B) the number of hours reasonably expended by each timekeeper; [and] (C) a description of the tasks done during those hours, and the hourly rate(s) claimed for each timekeeper," among other items. *Id.*

Non-compliance with Local Rule 7.3 is an "independently sufficient basis to deny" a motion. *J.B. Hunt Transp., Inc., v. S&D Transp., Inc.*, 589 F.App'x 930, 933 (11th Cir. 2014) (per curiam).

III.   ANALYSIS

A. *Burden*

As the party seeking attorney's fees and costs, Ms. Bohr has the burden to prove that the fees requested are reasonable. Additionally, she must provide sufficient documentation for the Court to independently make a reasonableness determination. Attached to the Motion, Ms. Bohr included the contingency fee agreement with Ms. Vazquez, and a copy of one page of the letter from the Social Security Administration regarding Ms. Vazquez's benefits. ECF Nos. 33-1, 33-2. As

4

outlined below, Ms. Bohr has not met her burden by providing enough information for the Court to determine the reasonableness of her request.

### B. *Reasonableness of Fees*

Ms. Bohr moves for gross attorney fees of $23,585.25. ECF Nos. 33, 33-2. She does not state how many hour(s) she spent on this case to receive a favorable outcome for Ms. Vazquez. Similarly, Ms. Bohr does not explain whether any other attorneys or paralegals assisted her in this case. As well, Ms. Bohr does not explain her experience or qualifications, as required under Rule 7.3.

Title 42, Section 406(b)(1) of the United States Code requires that the Court make a finding of whether the requested fees are reasonable. But, Ms. Bohr did not provide the Court with the information outlined in Rule 7.3—specifically about the experience and qualifications of the timekeepers, the time she expended on the case, and a description of the tasks completed during her time on the case—so that the Court can determine whether the requested fees are reasonable. As a result, I cannot substantively analyze her Motion, and it should be DENIED without prejudice. Ms. Bohr should be permitted an opportunity to amend her Motion.

<u>**REPORT AND RECOMMENDATION**</u>

Accordingly, this Court **RECOMMENDS** that the District Court **DENY** the Motion without prejudice.

5

## NOTICE OF RIGHT TO OBJECT

A party shall serve and file written objections, if any, to this Report and Recommendation with the Honorable Aileen Cannon, United States District Judge for the Southern District of Florida, within **FOURTEEN (14) DAYS** of being served with a copy of this Report and Recommendation. Failure to timely file objections shall constitute a waiver of a party's "right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions." 11th Cir. R. 3-1 (2016).

**If counsel do not intend to file objections, they shall file a notice advising the District Court within FIVE DAYS of this Report and Recommendation.**

**DONE and SUBMITTED** in Chambers at West Palm Beach, Palm Beach County, in the Southern District of Florida, this 11th day of May 2026.

_____
BRUCE E. REINHART
UNITED STATES MAGISTRATE JUDGE