UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 22-CV-81061-AMC

ARLENE MARIE JOHNSON,

Plaintiff,

vs.

COMMISSIONER OF SOCIAL SECURITY,

Defendant.

_____/

## REPORT AND RECOMMENDATION ON PETITIONER'S AMENDED PETITION FOR ATTORNEY FEES [ECF No. 39]

Arlene Marie Vazquez's[1] attorney, Sarah H. Bohr, filed an Unopposed Motion for Authorization of Attorney Fees Under Section 206(b)(1) of the Social Security Act ("Amended Motion") seeking $23,585.25. *See* ECF No. 39 ¶¶3, 6, 7, 11. The Amended Motion was referred to me for a report and recommendation. ECF No. 40. The matter is ripe for decision. For the reasons stated below, the Amended Motion should be **GRANTED**.

## I.      PROCEDURAL BACKGROUND

Ms. Vazquez filed a Complaint against the acting Commissioner of Social Security (the "Commissioner"). ECF No. 1. The Social Security transcript was filed. ECF No. 14.

_____

[1] According to the Amended Motion, Plaintiff divorced since the case was filed and is now known as Arlene Marie Vazquez. ECF No. 39 at 1 n.1. Accordingly, she will be referred to as Ms. Vazquez throughout this Report and Recommendation.

Ms. Vazquez filed a Motion for Summary Judgment. ECF No. 20. In response, the Commissioner filed a Motion to Remand. ECF No. 23. I filed a Report and Recommendation on the Commissioner's Motion to Remand recommending that the case be remanded, which was accepted. ECF Nos. 24, 25. Final Judgment was entered in favor of Ms. Vazquez. ECF No. 26.

Ms. Vazquez then filed an Unopposed Motion for Attorney Fees and Costs ("EAJA Motion") pursuant to the Equal Access to Justice Act. ECF No. 27. The EAJA Motion was referred to me and, after I took the EAJA Motion under advisement, she filed an Amended EAJA Motion. ECF Nos. 28, 29, 30. I recommended that the Amended EAJA Motion be granted; Judge Cannon adopted my Report and Recommendation on the Amended EAJA Motion. ECF Nos. 31, 32.

Ms. Vazquez received a Notice from the Social Security Administration that she is entitled to monthly disability benefits and $23,585.25 is being withheld as 25% of her past-due benefits. ECF No. 39-5. Accordingly, Ms. Bohr filed a Motion requesting fees based on 42 U.S.C. § 406(b) and a contingency agreement ("Agreement") with Ms. Vazquez. ECF No. 33. I recommended the Motion be denied for failure to comply with Local Rule 7.3. ECF No. 35. Before Judge Cannon ruled, Ms. Bohr filed an Amended Motion for Attorney Fees ("Proposed Motion"). ECF No. 36. Judge Cannon denied the Proposed Motion. ECF No. 37. Judge Cannon accepted my Report and Recommendation on the Motion and Ms. Bohr filed the Amended Motion. ECF Nos. 38, 39.

## II.   LEGAL BACKGROUND

Also known as the Social Security Act § 206(b)(1), 42 U.S.C. § 406(b) allows recovery of fees when "a court renders a judgment favorable to a claimant under this title who was represented before the court by an attorney." 42 U.S.C. § 406(b)(1)(A). The court may determine "reasonable fees for such representation, not in excess of 25 percent of the total of past-due benefits" subject to section (d). *Id.* The language of § 406(b) "does not exclude contingent-fee contracts that produce fees no higher than the 25 percent ceiling" and it "does not displace contingent-fee agreements as the primary means by which fees are set for successfully representing Social Security benefits claimants in court." *Gisbrecht v. Barnhart*, 535 U.S. 789, 800, 807 (2002).

The Court must review contingency fee arrangements to conduct "an independent check, to assure that they yield reasonable results in particular cases." *Id.* at 807. In assessing the reasonableness of the fee request, the "contingency agreement should be given significant weight in fixing a fee." *Id.* at 808 (quoting *McGuire v. Sullivan*, 873 F.2d 974, 983 (7th Cir. 1989)). Still,

> the court may require the claimant's attorney to submit, not as a basis for satellite litigation, but as an aid to the court's assessment of the reasonableness of the fee yielded by the fee agreement, a record of the hours spent representing the claimant and a statement of the lawyer's normal hourly billing charge for noncontingent-fee cases.

*Id.* at 808 (citing *see Rodriguez v. Bowen*, 865 F.2d 739, 741 (6th Cir. 1989)). The Court may also consider an effective hourly rate, whether the attorney's success is attributable to their work, the degree of expertise of the attorney, and the attorney's risk of loss, among other considerations. *See Gossett v. Comm'r of Soc. Sec.*, 812 F.

3

App'x 847, 850-51 (11th Cir. 2020). In assessing the reasonable fee, the court will protect claimants from "inordinately large fees" by considering whether an award is considered a windfall, thereby necessitating a reduction. *Gisbrecht*, 535 U.S. at 804, 808 (citing *Rodriguez,* 865 F.2d at 747) ("If the benefits are large in comparison to the amount of time counsel spent on the case, a downward adjustment is similarly in order.").

Once a reasonable fee is determined, if fees have already been awarded under the EAJA, "[a]lthough an attorney who receives fees under both the EAJA and 42 U.S.C. § 406(b) must refund the smaller fee to his client, the attorney may choose to effectuate the refund by deducting the amount of an earlier EAJA award from his subsequent 42 U.S.C. § 406(b) request." *Jackson v. Comm'r of Soc. Sec.*, 601 F.3d 1268, 1274 (11th Cir. 2010).

### III.   ANALYSIS

Ms. Bohr moves for gross attorney fees of $23,585.25, which is 25% of the total award, based on 31.85 hours of work. *See* ECF No. 39 ¶¶3, 4, 11; ECF No. 39-5. Of the $23,585.25 requested, the time is split between Ms. Bohr and Heather Freeman. *See* ECF No. 39 ¶4. If awarded, Ms. Bohr asks the Court to net the already-awarded EAJA fees from the gross attorney fees for $15,908.30. *See id.* ¶11. The Commissioner "neither oppose[s] or endorse[s] this petition." *Id.* ¶12.

Ms. Bohr provides information about the Agreement, which said, "I agree that if I ultimately win my case and am awarded benefits, I will pay Ms. Bohr a fee of not

more than twenty-five percent (25%) of all the past due benefits for myself (including both me and my beneficiaries) paid from past due benefits." ECF No. 39-1.

As a result of the representation, Ms. Vazquez received a Notice from the SSA that she would receive benefits and that her past-due benefits totaled $94,341.00. *See* ECF No. 39-5. In support of the Motion, Ms. Bohr submitted a Declaration of both her and Ms. Freeman's background and qualifications. ECF No. 39-2 at 1-8; ECF No. 39-3.

Among other qualifications, Ms. Bohr has been licensed in Florida for over thirty-five years, is barred in numerous federal courts, has authored several publications, has received two awards, and is a past President of the Board of Directors of the National Organization of Social Security Claimants' Representatives. ECF No. 39-2 ¶¶ 1, 4, 5, 6. She also provides a supporting timesheet; she spent 10.75 hours on the case between July 9, 2022, and August 10, 2023. ECF No. 39-4. These hours consist of drafting pleadings, discussions with Ms. Vazquez, and reviewing the record, among other actions. *Id.* Ms. Bohr's current standard, non-contingent hourly rate is $550.00. ECF No. 39-2 ¶8.

Ms. Freeman was admitted to the Florida bar in 2007 and Illinois bar in 2004. ECF No. 39-3 ¶2. She has been admitted to practice in various federal courts, her private practice experience primarily focusses on representing Social Security disability plaintiffs, and she is a member of the Natonal Organization of Social Security Claimants' Representatives, among other qualifications. *Id.* ¶¶2, 3, 5, 7, 8. In this case, Ms. Freeman billed 21.10 hours between December 5, 2022, and March

5

1, 2023, which included drafting arguments, reviewing the administrative record, and reviewing the case. ECF No. 39-4.

Here, the Court has already found that Ms. Bohr was entitled to an EAJA award. *See* ECF Nos. 30, 31, 32. Necessarily implicit in such finding is the corresponding finding that the Commissioner's position was not substantially justified. *See* 28 U.S.C. § 2412(d). Accordingly, the question is whether the $23,585.25 sought by Ms. Bohr based on the Agreement is recoverable.

The $23,585.25 in fees should be recoverable. It does not exceed 25% of the past-due benefits received, which complies with the statute. I do not find that Ms. Bohr unreasonably delayed the proceedings to increase her earnings. As well, the requested amount is not inordinately large compared to the amount of time spent by counsel on the case. *See Cruz v. Comm'r of Soc. Sec.*, No. 21-80670-CIV, 2024 WL 2000676, at *3 (S.D. Fla. Apr. 22, 2024) (awarding 23.59%—$32,143.47 from $136,239.00—in past-due benefits for 33.6 billable hours); *Carrerea v. Comm'r of Soc. Sec.*, No. 24-cv-21432, 2026 WL 584667, at *3 (S.D. Fla. Mar. 3, 2026) (awarding 25%—$18,186.25 from $72,745.00—in past-due benefits for 9.2 billable hours). Notably, $23,585.25 in fees incurred for 31.85 billable hours equates to approximately $740.51 per hour. ECF No. 39-6 at 7-8; *Theobald v. Comm'r of Soc. Sec.*, No. 22-CV-62310, 2024 WL 5010259, at *4 (S.D. Fla. Nov. 21, 2024) (granting recovery for an hourly rate of approximately $1,150.00). This rate "takes into account the inherent risk of accepting cases on contingency." *Theobald*, 2024 WL 5010259, at *4. Ms. Bohr and Ms. Freeman also have extensive experience in social security cases. ECF No. 39-

6

2; ECF No. 39-3. As a result, I do not find that this award is a windfall requiring an adjustment.

Thus, Ms. Bohr's requested fees are reasonable. The gross amount of $23,585.25 should be reduced by the already awarded EAJA fees of $7,676.95. Accordingly, the Motion should be **GRANTED** and Ms. Bohr should be able to recover $15,908.30.

## REPORT AND RECOMMENDATION

Accordingly, this Court **RECOMMENDS** that the District Court GRANT the Amended Motion.

## NOTICE OF RIGHT TO OBJECT

A party shall serve and file written objections, if any, to this Report and Recommendation with the Honorable Aileen Cannon, United States District Judge for the Southern District of Florida, within **FOURTEEN (14) DAYS** of being served with a copy of this Report and Recommendation. Failure to timely file objections shall constitute a waiver of a party's "right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions." 11th Cir. R. 3-1 (2016).

**If counsel do not intend to file objections, they shall file a notice advising the District Court within FIVE DAYS of this Report and Recommendation.**

7

**DONE and SUBMITTED** in Chambers at West Palm Beach, Palm Beach County, in the Southern District of Florida, this 29th day of June 2026.

_____
BRUCE E. REINHART
UNITED STATES MAGISTRATE JUDGE