**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**WEST PALM BEACH DIVISION**

**CASE NO. 22-81061-CIV-CANNON/Reinhart**

**ARLENE MARIE JOHNSON**,

    Plaintiff,

v.

**COMMISSIONER OF SOCIAL SECURITY**,

    Defendant.

_____/

**ORDER ACCEPTING MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**

**THIS CAUSE** comes before the Court upon Magistrate Judge Bruce E. Reinhart's Report and Recommendation (the "Report"), issued on June 29, 2026 [ECF No. 41]. The Report recommends that Plaintiff's Unopposed Motion for Authorization of Attorney Fees Under Section 206(b)(1) of the Social Security Act (the "Amended Motion") [ECF No. 39] be granted.  No party filed objections to the Report, and the time to do so has expired.  Upon review of the Report and the Amended Motion, the Report [ECF No. 41] is **ACCEPTED**, and the Amended Motion [ECF No. 39] is **GRANTED** for the reasons stated in the Report.

***

To challenge the findings and recommendations of a magistrate judge, a party must file specific written objections identifying the portions of the proposed findings and recommendation to which objection is made.  *See* Fed. R. Civ. P. 72(b)(3); *Heath v. Jones*, 863 F.2d 815, 822 (11th Cir. 1989); *Macort v. Prem, Inc*., 208 F. App'x 781, 784 (11th Cir. 2006).  A district court reviews de novo those portions of the report to which objection is made and may accept, reject, or modify in whole or in part, the findings or recommendations made by the magistrate judge.

CASE NO. 22-81061-CIV-CANNON/Reinhart

28 U.S.C. § 636(b)(1).  To the extent a party fails to object to parts of the magistrate judge's report, the Court may accept the recommendation so long as there is no clear error on the face of the record.  *Macort*, 208 F. App'x at 784.

*** 

Following review, the Court finds no clear error in the well-reasoned Report.  Accordingly, it is hereby **ORDERED AND ADJUDGED** as follows:

1.  The Report and Recommendation [ECF No. 41] is **ACCEPTED**.

2.  Plaintiff's Unopposed Motion for Authorization of Attorney Fees Under Section 206(b)(1) of the Social Security Act [ECF No. 39] is **GRANTED**.

3.  Plaintiff's counsel, Sarah H. Bohr, is awarded attorney's fees under 42 U.S.C. § 406(b) in the gross amount of $23,585.25.

4.  Consistent with *Jackson v. Commissioner of Social Security*, 601 F.3d 1268 (11th Cir. 2010), and as requested in the Amended Motion, the previously awarded EAJA fees of $7,676.95 shall be offset from the § 406(b) award, resulting in a net recovery to counsel of $15,908.30.

**ORDERED** in Chambers at Fort Pierce, Florida, this 16th day of July 2026.

**AILEEN M. CANNON**
**UNITED STATES DISTRICT JUDGE**

cc:      counsel of record

2